STATE *vs.* JAMES LUBEE.

Cumberland.    Opinion December 27, 1899.

*Constitutional Law.    Excessive Penalties.    Lobsters.    Art. I, § 9, Maine Con-
stitution.    Stat. 1897, c. 285, § 39.*

Every presumption and intendment is in favor of the constitutionality of an
act of the legislature; and courts are not justified in pronouncing a legislative
enactment invalid unless satisfied beyond a reasonable doubt of its repugnance
to the constitution.

The statute of 1897, c. 285, relating to short lobsters, is not repugnant to Sec-
tion 9 of Article 1 of the Constitution of this State, which prohibits the
imposition of excessive fines.

ON EXCEPTIONS BY DEFENDANT.

This was an appeal to the Superior Court, Cumberland county,
from the Portland municipal court upon a complaint against the
defendant under the provisions of section 39 of chapter 285, of the
public laws of 1897, for having in his possession 36 lobsters less
than 10 1-2 inches in length.

The government introduced evidence that the defendant on the
14th day of July, 1898, had in his possession 36 lobsters, each of
which lobsters was less than 10 1-2 inches in length, measured as
provided by said law; said lobsters being at said time in a lobster
trap owned and controlled by the defendant, the ends of which
were tied up in such a manner that said lobsters could not escape;
and also that the defendant then stated that the lobsters were
intended to be used by him for bait.

The evidence also showed that the value of the lobsters was from
one to two cents apiece.

The defendant did not take the stand, and did not offer any
evidence whatever.

The defendant's counsel requested the court to rule that the law
under which said complaint was instituted, was unconstitutional, as
it imposed an excessive fine.    The court declined so to rule, and
instructed the jury that the law was constitutional.    The jury
returned a verdict of guilty.

To this ruling and refusal to rule the defendant excepted.

*Geo. Libby*, County Attorney, for the State.

Counsel cited:   *State* v. *Craig*, 80 Maine, 85;  *Com.* v. *Savage*, 155 Mass. p. 278.

*Benj. Thompson*, for defendant.

To say when a fine, penalty, or punishment is "not proportioned to the offense," or is "excessive" or "cruel" is to answer a question of much importance and attended with difficulty.

This question of an excessive penalty for the violation of the statutes of this state, relating to short lobsters, was considered by this court in the case of *State* v. *Craig*, 80 Maine, 85, in which it was held that a penalty of one dollar was not an excessive penalty.  By § 39 of chapter 285 of the public laws of 1897, this penalty was increased to five dollars for each lobster.   The evidence here shows that the lobsters which were in the defendant's possession were worth from one to two cents apiece, so that the value of the whole thirty-six lobsters did not exceed seventy-four cents, and probably very much less than that sum, yet a fine is imposed by the statute in question which would aggregate $185.00.

While it is true, as stated by HASKELL, J., in the case of *State* v. *Craig*, that "the object and purpose of the act is to prevent the destruction of lobsters, . . . . and that the unlawful destruction of many lobsters has created penalties aggregating a large sum signifies no more than a purpose to violate the statute regardless of the penalties affixed," and "rather shows that the present forfeitures are insufficient to work obedience to the statute, than that they are too severe" and that "it can hardly be said that penalties which fail to prevent a violation of law by wholesale are disproportionate to the act prohibited," yet the statute in question increased the penalty five-fold; and still it will be safe to say that it has accomplished but little, if anything, in the direction intended.

It is doubtful if a penalty of $1,000.00 would accomplish the result, yet no one will hesitate to say that such a fine would be disproportionate and excessive.

The only way by which the constitutionality of the statute can

be determined. is by a consideration of the nature of the offense, which imposes the fine.

While, in a certain sense, the circumstances under which the possession of the lobsters is obtained, and the reasons for which they are retained, do not mitigate the offense, yet these considerations as well as the purposes for which he holds them, do in a certain measure determine whether the fine is disproportionate to the offense or not.

The legislature must have regarded the penalty as excessive, because at its last session the fine was reduced to one dollar for each lobster, the same as it had been prior to the Act of 1897.

SITTING: EMERY, HASKELL, WISWELL, STROUT, SAVAGE, FOGLER, JJ.

FOGLER, J. The respondent was tried in the Superior court for Cumberland county, on appeal from the Municipal court of the City of Portland, upon a complaint charging him with having in his possession thirty-six lobsters, each less than ten and one-half inches in length. The statute upon which the complaint is based, section 39 of chapter 285, Public Laws of 1897, provides that it is unlawful to possess for any purpose, any lobsters less than ten and one-half inches in length, under a penalty of five dollars for each lobster so possessed. The respondent's counsel requested the court to rule that the law under which the complaint was instituted, was unconstitutional and void as it imposed an excessive fine. The court declined to so rule and instructed the jury that the law was constitutional, and, the jury having returned a verdict of guilty, the respondent excepts to such ruling and refusal to rule.

The question presented by the exceptions is whether or not the fine provided by the act above referred to is "excessive" and repugnant to Section 9 of Article 1 of the constitution of this state, which prohibits the imposition of "excessive fines".

It is contended by the respondent's counsel that, as the value of the lobsters less than the required length, found in the respondent's possession was, as appears by the testimony, only one or two cents

each, a penalty of five dollars for each lobster is not proportional to the offense, but is excessive. and therefore repugnant to the constitutional provision above referred to.

Every presumption and intendment is in favor of the constitutionality of an act of legislature. Courts are not justified in pronouncing a legislative enactment invalid unless satisfied beyond a reasonable doubt of its repugnance to the constitution, and nothing but a clear violation of the constitution — a clear usurpation of power prohibited — will warrant the judiciary in declaring an act of the legislature unconstitutional and void. Cooley's Const. Lim. 181; *Fletcher* v. *Peck*, 6 Cranch, 128; *Ogden* v. *Saunders*, 12 Wheat. 270; *Foster* v. *Essex Bank*, 16 Mass. 245; *Rich* v. *Flanders*, 39 N. H. 304; *Hartford Bridge Co.* v. *Union Ferry Co.*, 29 Conn. 210; *Kerrigan* v. *Force*, 68 N. Y. 381; *Tyler* v. *The People* 8 Mich. 320; *Inkster* v. *Carver*, 16 Mich. 484. "It is but a decent respect", says Mr. Justice Washington in *Ogden* v. *Saunders*, supra, "due to the wisdom, the integrity and the patriotism of the legislative body by which any law is passed, to presume in favor of its validity, until its violation is proved beyond all reasonable doubt."

It is also to be presumed that the legislature in enacting a statute, has acted with integrity, and with a just desire to keep within the restrictions laid down by the constitution upon its action, and has deliberately solved all doubts of the constitutionality of its action in its favor. Cooley's Const. Lim. 183.

In determining the question whether the punishment imposed by a statute is proportional to the offense, or whether or not a fine imposed is excessive, regard must be had to the purpose of the enactment, and to the importance and magnitude of the public interest sought by it to be protected. It has long been the policy of our state to protect and preserve its sea-shore fisheries. Those fisheries are of great importance to the state, furnishing, when properly protected and preserved, employment to many people and supplying great quantities of wholesome and nutritious food. The statute under consideration is one of a series of enactments passed by the legislature for the protection of one branch of those fish-

eries.   As stated by Mr. Justice HASKELL, in *State* v. *Craig,* 80 Maine, 85 :   "The object and purpose of the act is to prevent the destruction of lobsters to such a degree as to materially diminish the supply and to preserve a necessary and valuable source of food."

Whether or not the fine imposed by the act is excessive does not depend upon the value of the lobsters found in the unlawful possession of a party.   Were it otherwise and the lobsters so found were so small as to be of no value, there should be no penalty.   If the law, as urged by the respondent's counsel, be onerous to those who, like the respondent, have large numbers of small lobsters in their possession, it is the fault, not of the law, but of the infractors.

The legislature, with full knowledge of the evil to be remedied and of the public interests involved, has fixed the penalty for violation of the statute.   We are not satisfied that its action is in violation of the constitutional restrictions, and we therefore adjudge that the act is constitutional.

*Exceptions overruled.*