UNITED STATES of America,
Plaintiff,

v.

Marvin RODGERS and Kenneth Flanery,
Jr., Defendants.

Cr. No. 67-22.

United States District Court
W. D. Oklahoma.

May 14, 1968.

B. Andrew Potter, U. S. Atty., John W. Raley, Jr., Asst. U. S. Atty., Oklahoma City, Okl., for plaintiff.

James W. Bill Berry (of Berry & Berry), Oklahoma City, Okl., for defendants.

## ORDER

DAUGHERTY, District Judge.

On April 6, 1967, the Defendant, Kenneth Flanery, Jr., was convicted and sentenced (fine and probation) on a nolo contendere plea of a violation of 26 United States Code § 7203 (engaging in the business of accepting wagers without paying the special occupational tax imposed by 26 U.S.C. § 4411). He did not raise defensively in the case the privilege against self-incrimination afforded by the Fifth Amendment to the United States Constitution. From evidence before the Court in treating with preliminary matters his guilt as charged is clear and definite. No appeal was taken and the conviction became final.

Thereafter, on January 29, 1968, the United States Supreme Court handed down Marchetti v. United States, 390 U. S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968). This case did not hold that these wagering tax provisions as such are constitutionally impermissible. It held that when one charged under these provisions properly asserts the constitutional privilege against self-incrimination as to these provisions he may not be criminally punished for failure to comply with their requirements, and that if so properly asserted the same is a complete defense to the prosecution of the charge.

In these circumstances, the Defendant, Kenneth Flanery, Jr. now seeks by 28 U.S.C. § 2255 to have his conviction and sentence set aside. As stated above, this Defendant did not as-

58

sert this privilege before his conviction and sentencing. This privilege is not properly asserted if done for the first time after conviction and sentencing. Decisional changes in the law, even involving an interpretation of the Constitution, do not justify relief by habeas corpus or Section 2255. Gaitan v. United States, 317 F.2d 494 (Tenth Cir.–1963); Welch v. Hudspeth, 132 F.2d 434 (Tenth Cir.–1942).

The Defendant's request that he should now be allowed to withdraw his plea of nolo contendere under the provisions of Rule 32(d) Federal Rules of Criminal Procedure, is denied. Such a request should be granted after conviction only to correct a manifest injustice. The wagering tax provisions are constitutional, the Defendant is clearly guilty of a violation thereof, Marchetti v. United States, supra, only affords a defense if the claim of privilege against self-incrimination is properly asserted and the Defendant did not assert the same. He was represented by able counsel. In these circumstances, the Defendant has not been the subject of manifest injustice. It is not manifest injustice for one violating the gambling laws and entering a nolo contendere plea to a charge therefor to be convicted and sentenced for his wrongdoing. Criser v. United States, 319 F.2d 849 (Tenth Cir.–1963).

Nor is the sentence imposed against this Defendant illegal and under Rule 35, Federal Rules of Criminal Procedure, the same should be corrected. As stated above, the wagering tax provisions are constitutional and the Defendant is clearly guilty of violating the same. His plea of nolo contendere was freely and voluntarily entered and no claim is made to the contrary. The defense now afforded by Marchetti v. United States, supra, is one that must be properly asserted in this type of case before conviction and sentencing in order to be available to a Defendant. Without such privilege being so properly asserted, the sentence is legal. Gaitan v. United States, supra.

All motions are therefore denied.