Paul Handy NUNLEY, Petitioner,

v.

UNITED STATES of America, Respondent.

Civ. No. 68–219.

United States District Court
W. D. Oklahoma.

July 15, 1968.

Paul Handy Nunley, pro se.

B. Andrew Potter, U. S. Atty., John W. Raley, Jr., Asst. U. S. Atty., Oklahoma City, Okl., for respondent.

## MEMORANDUM OPINION

DAUGHERTY, District Judge.

On February 23, 1968,[1] the Petitioner, Paul Handy Nunley, entered a plea of guilty before this Court to the charge of selling narcotics prohibited by § 4705 (a), Title 26 U.S.Code,[2] and on March 7, 1968, he was sentenced to imprisonment for a term of 18 years. The Petitioner now attempts to vacate the conviction and sentence under the provisions of § 2255, Title 28, United States Code, claiming that § 4722, Title 26, United States Code is unconstitutional and citing the cases of Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968); Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968); and Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923 (1968), as holding that § 4722, Title 26, United States Code compels him to incriminate himself.

■ The conviction and sentence imposed herein against the Petitioner is pursuant to Section 4705(a), Title 26, United States Code. This Section requires no registration by the Petitioner, relies on no Section that does, and conviction thereunder is not predicated on a requirement that the Petitioner register in any manner. It provides that it shall be unlawful for any person to sell narcotics except in pursuance of a written order from the person to whom the same is sold. If there is any registration, it is not required by the Petitioner but only the person who obtains the required written order. Had Petitioner sold the narcotics involved pursuant to such a written order, all he would need to do is produce the same to provide himself with a defense to the charge involved. Otherwise, it is unlawful for one to sell narcotics except pursuant to such a written order. Therefore, the above cases which are centered on a conviction based on a failure of one to register as required by law do not apply in this case.

■ Moreover, if the above cases should apply in this case, they cannot be utilized by the Petitioner herein for the reason that he failed to timely assert his privilege against self-incrimination. The record is quite clear that the Petitioner did not at any time before conviction and sentence, by motion or otherwise, place himself under the protection of the Fifth Amendment. This privilege may not be properly asserted for the first time after conviction and sentencing. Marchetti v. United States, supra; Whaley v. United States, (10 Cir.–1968), 394 F.2d. 399; United States v. Rodgers [Flanery], (W.D.Okla.–1968), 288 F.Supp. 57.

The Petitioner freely and voluntarily entered a plea of guilty. The Section of the United States Code under which he was charged does not require registration of the Petitioner nor does it rely on a Section that does. The cases cited with reference to firearms and gambling registrations are not in point and are not controlling here. He made no claim of self-incrimination prior to or at the time of being committed and sentenced. Therefore, the Motion of Petitioner is denied.

---

1. In Case No. 18,202–Criminal, United States v. Paul Handy Nunley.

2. § 4705 ORDER FORMS
"(a) General requirement.—It shall be unlawful for any person to sell, barter, exchange, or give away narcotic drugs except in pursuance of a written order of the person to whom such article is sold, bartered, exchanged, or given, on a form to be issued in blank for that purpose by the Secretary or his delegate."