UNITED STATES of America

v.

Joseph C. LEWIS, a/k/a Joe Louis.

No. 23545.

United States District Court
E. D. Pennsylvania.

July 3, 1969.

**1172**

Louis C. Bechtle, U. S. Atty., for plaintiff.

Carolyn Temin, Public Defender, for defendant.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

The defendant allegedly made a single unlawful sale of narcotics and was charged with selling drugs not in or from the original stamped package, 26 U.S.C. § 4704(a), and with selling narcotics not pursuant to a written order on a form issued in blank for that purpose by the Secretary of the Treasury of the United States, 26 U.S.C. § 4705(a). The penalty upon conviction for a violation of 26 U.S.C. § 4705(a) is a mandatory prison sentence, 26 U.S.C. § 7237(b), (d) (1), whereas a prison sentence is not mandatory for a violation of 26 U.S.C. § 4704 (a) if, as in this case, the defendant has no prior conviction under the Federal Narcotic Laws, 26 U.S.C. § 7237(a), (d) (2). Presently before the Court for disposition is the defendant's motion to quash the indictment.

In support of his motion, the defendant contends that the provisions of the Federal Narcotics Laws under which he has been indicted, and under which he will be sentenced in the event of a conviction, are unconstitutional for a number of reasons. He alleges that the mandatory sentencing provision of 26 U.S.C. § 7237(d) (1) is unconstitutional because it violates the constitutional doctrine of separation of powers by allowing the Legislature to perform the judicial function of sentencing. He alleges also that the provisions of the Federal Narcotics Laws under which he was indicted are unconstitutional since together they constitute more than one offense for a single act or violation. He further alleges that the United States Attorney for the Eastern District of Pennsylvania engages in a practice in similar cases of this kind, and has followed it in this case, of offering to dismiss the charge under 26 U.S.C. § 4705(a), which carries with it a mandatory prison sentence, if the defendant will enter a plea of guilty to the charge under 26 U.S.C. § 4704(a).[1] If the defendant refuses to accept the offer and pleads not guilty he runs the risk of a mandatory prison sentence if convicted after trial. The defendant contends that such a statutory scheme, when taken together with the practice engaged in by the United States Attorney, places an unconstitutional burden upon his exercise of his Sixth Amendment right to demand a jury trial and his Fifth Amendment right not to plead guilty.[2]

---

1. We will assume for the purposes of this motion only that the United States Attorney engages in the practice as alleged.

2. There has been no allegation by the defendant that his Fifth Amendment privilege against self-incrimination affords a

■ The defendant's argument concerning the constitutionality of the mandatory sentencing provisions of 26 U.S.C. § 7237(d) (1) is without merit. The power of this Court to suspend sentence and release a convict on probation is not a right of the one convicted but is purely a matter of legislative grace. It follows then *a fortiori* that the Legislature may withdraw the power of the Court to suspend in certain instances and make the sentence mandatory. This does not in any way invade the power of the judiciary and violate the doctrine of separation of powers. Lathem v. United States, 259 F.2d 393 (5th Cir. 1958). Nor does it in any way abridge the constitutional rights of the defendant. United States v. Ward, 387 F.2d 843 (7th Cir. 1967); Sperling v. Willingham, 353 F.2d 6 (7th Cir. 1965); Stewart v. United States, 325 F.2d 745 (8th Cir. 1964); Halprin v. United States, 295 F.2d 458 (9th Cir. 1961); see also Berry v. United States, 412 F.2d 189 (3rd Cir. 1969).

■■ The defendant's argument concerning the constitutionality of defining one act as more than one offense is also without merit. This same issue involving the very same provisions of the Federal Narcotics Laws under which defendant herein has been indicted was raised in Gore v. United States, 357 U.S. 386, 78 S.Ct. 1280, 2 L.Ed.2d 1405 (1958), and the Supreme Court concluded that Congress has the power and authority to break down into separate offenses various aspects of narcotics activity and to make each aspect punishable separately. See also Dryden v. United States, 403 F.2d 1008 (5th Cir. 1968); Hattaway v. United States, 399 F.2d 431 (5th Cir. 1968); Boeckenhaupt v. United States, 392 F.2d 24 (4th Cir.

1968); Chavez v. United States, 387 F.2d 937 (9th Cir. 1698). While the defendant urges that this Court reconsider and reevaluate the decision of the Supreme Court in *Gore,* the defendant has not referred us to any recent decisions of the Supreme Court, nor are we aware of any, which would justify our doing so. It is certainly no part of the function of this Court to anticipate changes in doctrine by the Supreme Court and thus render ineffective a vital statutory scheme designed by Congress to regulate the potentially dangerous traffic in narcotic drugs.

■ The last argument advanced by the defendant is that the provisions of the Federal Narcotics Laws under which he was indicted, when taken together with the practice allegedly engaged in by the United States Attorney, place an unconstitutional burden upon his constitutional rights to demand a jury trial and not to plead guilty. The only authority which the defendant cites in support of this proposition is the case of United States v. Jackson, 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138 (1968). There the Court held the death penalty provision of the Federal Kidnapping Act, 18 U.S.C. § 1201(a), unconstitutional. That statute created an offense punishable by death "if the verdict of the jury shall so recommend", but it provided no procedure for imposing the death penalty upon a defendant who waived a jury trial or pled guilty. The Court stated that this provision imposed "an impermissible burden upon the assertion of a constitutional right" because its effect was "to discourage assertion of the Fifth Amendment right not to plead guilty and to deter exercise of the Sixth Amendment right to demand a jury trial". 390 U.S. at pp. 581–583, 88 S.Ct. at pp. 1216–1217.

defense to a prosecution for selling narcotic drugs without the mandatory written order form required by 26 U.S.C. § 4705(a). See United States v. Minor, 398 F.2d 511 (2nd Cir. 1968); Nunley v. United States, 288 F.Supp. 58 (W.D. Okla.1968); Fields v. United States, 287 F.Supp. 606 (E.D.Va.1968). See also

Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 22 L.Ed.2d 57 (May 19, 1969), where, unlike this case which deals with the seller of narcotics, the Court considered a similar statute insofar as it affected the constitutional rights of a transferee of marijuana.

In *Jackson* the Court was concerned with a situation where a conviction for the same offense resulted in an exposure of the accused to different penalties depending upon the manner in which he exercised certain of his constitutional rights. In this case we are concerned with a situation where the defendant has been indicted for two separate offenses. Regardless of the manner in which the defendant exercises his constitutional rights, in the event of a conviction for either or both of the offenses charged, the statutes on their face expose the defendant to the same possible penalties. It is only once the United States Attorney offers to dismiss one charge in return for a guilty plea on the other that the defendant alleges that an impermissible burden is being placed upon the exercise of his constitutional rights.

If Congress has the constitutional power to direct that a mandatory sentence be imposed, it is inconceivable that the offer of the United States Attorney to drop the charge which carries the mandatory sentence with it unconstitutionally burdens the choices available to the defendant. Anytime the Government offers to dismiss certain counts of an indictment in return for a guilty plea on other counts the burden of choosing to accept or reject the offer is placed upon the defendant. Admittedly, where the Government offers to dismiss a charge which carries with it a mandatory sentence the burden of choosing is made somewhat more difficult. But the mere fact that a mandatory sentence is involved does not in any way place the defendant in a position different from that occupied by any defendant in any plea bargaining situation insofar as the exercise of constitutional rights are concerned. The defendant has the choice of either accepting or rejecting the offer by the United States Attorney and since the defendant has no constitutional right to the offer in the first instance, it simply does not and cannot follow that the offer in any way impermissibly burdens the exercise of constitutional rights by the defendant.

When the defendant is properly represented plea bargaining is both useful and desirable in the administration of justice. It greatly conserves judicial time and energy, leaving the courts available for the trial of cases in which there is no basis for accommodation between the parties. If the United States Attorney were to voluntarily discontinue this practice under circumstances of this type, or if we were to so direct, there would presumably be nothing about which this defendant could complain. However, this we are not prepared to do for it is a very humane avenue of protection for a person charged with crime who recognizes his exposure to the risk of heavy punishment. Nor are we prepared by granting this motion to cause the United States Attorney to do so for the same reason.

There is nothing in *Jackson* which dealt with a situation where the unconstitutional burden was built into the statute, which so much as intimates disapproval of this type of plea bargaining. There appears, however, to be some suggestion in the brief submitted by counsel for the defendant that the provisions of the Narcotics Laws under which he has been indicted are unconstitutional on their face because they permit the United States Attorney to engage in the practice as alleged. In effect then, we are being asked to consider the practice in establishing the coercive effect of the statutes, but to disregard the practice in determining their constitutionality. If the defendant had a constitutional right to be bargained with, then this argument may merit some consideration. But since the defendant has no such constitutional right, we cannot conceive of how we can disregard the practice in passing upon the constitutionality of statutes allegedly rendered unconstitutional by virtue of the practice.

There is a further difference between this case and *Jackson* which we consider to be of some significance. In *Jackson* the unconstitutional burden placed upon the defendant involved a choice between life and possible death, whereas in this

case the burden allegedly placed upon the defendant involves a possible term of mandatory imprisonment. It is true that the Court in *Jackson* did not question the constitutionality of the death penalty *per se*. But the Court was careful to state that whatever the power to impose a death penalty "Congress cannot impose such a penalty in a manner that needlessly penalizes the assertion of a constitutional right". 390 U.S. 570, at 583, 88 S.Ct. 1209, at 1217, 20 L.Ed.2d 138. Overriding the Court's decision in *Jackson* then are certain emotional overtones and humane considerations which naturally come into play where the death penalty is involved and which militate against the imposition of such an extreme burden on the assertion of constitutional rights. Whether the Court would reach the same conclusion where something less than death burdens one set of choices is at least open to question.

For all of the foregoing reasons we will deny the defendant's motion to quash the indictment.