**STATE of Maine**

**v.**

**Pamela BRIGGS.**

Supreme Judicial Court of Maine.

July 13, 1978.

Michael Povich, Dist. Atty., Bronson Platner (orally), Asst. Dist. Atty., Ellsworth, for plaintiff.

Libhart, Ferris & Dearborn by Wayne P. Libhart, Brewer (orally), for defendant.

Before POMEROY, WERNICK, ARCHIBALD, DELAHANTY, GODFREY and NICHOLS, JJ.

POMEROY, Justice.

Appellant Pamela Briggs was found guilty of nighthunting in violation of 12 M.R.S.A. § 2455 following trial by jury. After judgment entered on the verdict, she timely appeals the imposition of the mandatory minimum sentence of three days imprisonment and a five hundred dollar fine.[1] The validity of the conviction is not at issue.

We deny the appeal.

It is undisputed that at the time of sentencing appellant was unable to pay the five hundred dollar fine. Moreover, she stated at the sentencing hearing that she would be unable to pay the fine even under an installment method. Accordingly, the mandatory minimum punishment was ordered.

Appellant raises several issues concerning the validity of the sentence. She first contends that the amount of the fine is so excessive in relation to the crime as to violate U.S. Const. amend. VIII, and Me. Const. art. 1, § 9. She further contends that the imposition of a mandatory minimum sentence by the Legislature is an unconstitutional violation of separation of powers as enunciated in Me. Const. art. 3, § 2. The third issue concerns whether the mandated punishment violates appellant's right to equal protection. The fourth and final issue is whether the provision of 12 M.R.S.A. § 3061, providing that moneys obtained from fines imposed for violation of the Hunting and Trapping Laws be credited to the Department of Inland Fisheries and Game, violates due process.

We first address appellant's contentions regarding the excessiveness of the fine imposed. In *State v. Lubee*, 93 Me. 418, 45 A. 520 (1899), this Court upheld the imposition of a fine on those catching short lobsters. The fine was equivalent to 250 to 500 times the value of the lobsters. The Court there stated that in determining whether a fine is excessive "regard must be had to the purpose of the enactment, and to the importance and magnitude of the public interest sought by [the fine] to be protected." Given the long standing interest our legislature has had in the preservation of fisheries, the fine in that case was not deemed to be excessive.

■ Similarly, in this case, the Legislature has long evinced interest in the preservation of game and, in particular, in prohibiting nighthunting. *See* R.S. 1930, c. 38, § 45; R.S. 1954, c. 37, § 77; 12 M.R.S.A. § 2455. Given the substantial public interest which such legislation seeks to protect as well as the presumption of constitutionality attaching to legislative enactments, *e. g. State v. S. S. Kresge, Inc.*, Me., 364 A.2d 868, 872 (1976), we cannot find that the minimum fine imposed by statute is excessive.

■ Nor does the fact that both the fine and imprisonment are mandatory require a finding that the fine was excessive. In *State v. King*, Me., 330 A.2d 124 (1974) and *State v. Farmer*, Me., 324 A.2d 739 (1974) we upheld mandatory sentencing provisions against the challenge that they constituted cruel and unusual punishment. As we noted in *State v. King, supra* at 127, ". . . a mandatory sentence of great severity may at some point lose its rational relation to a permissible legislative purpose; a disparity between the sentence and the evil to be avoided might then be a cruelty of constitutional dimensions." Neither the fine nor

---

1. 12 M.R.S.A. § 2455 provides in part:

    Any person convicted of a violation under this section or section 2467 shall be punished by a fine of not less than $500 nor more than $1,000 and by imprisonment of not less than 3 days nor more than 5 days for the first offense. . . . No punishment under this section shall be suspended.

the imprisonment here create such a case, however.

■ Appellant's contention that mandatory sentencing violates the separation of powers provision in the Maine Constitution is also not persuasive. This issue has already been addressed and answered unfavorably to appellant's position in *State v. King, supra* and *State v. Farmer, supra.* We find these cases controlling. *See also United States v. Jones*, 438 F.2d 461 (7th Cir. 1971); *United States v. Lewis*, 300 F.Supp. 1171 (E.D.Pa.1969).

We turn next to the argument that the mandatory imprisonment and fine provision violates equal protection.

Appellant apparently argues that a violation of equal protection occurs in two ways. Appellant initially argues that the mandatory sentencing provisions of the nighthunting statute work a discrimination against people convicted of nighthunting as compared with those convicted of crimes under the Criminal Code where there is no mandatory sentencing. Equal protection is also violated, appellant appears to claim, because she is being discriminated against because of her status as an indigent.

■ We disagree with both contentions. In regard to appellant's first contention, we noted above that the Legislature has a legitimate interest in deterring nighthunting. Moreover, we find that the mandatory imprisonment and fine have a rational relationship to the goal of deterrence. By singling out the crime of nighthunting for the imposition of mandatory sentencing the Legislature has not denied appellant equal protection ". . . [I]n confronting a

multitude of evils, [the Legislature] may address itself to the phase of the problem most urgently requiring remedial action." *Commonwealth v. McQuoid*, 344 N.E.2d 179, 181 (Mass.1976). *Accord, Williamson v. Lee Optical of Okl., Inc.*, 348 U.S. 483, 489, 75 S.Ct. 461, 99 L.Ed. 563 (1955). Here, the classification of nighthunters has a reasonable basis. There is no violation of equal protection merely because some inequality results. *See Union Mutual Life Insurance Co. v. Emerson*, Me., 345 A.2d 504, 507–08 (1975).

■ Appellant appears to claim in her second argument that an invidious discrimination has been perpetrated upon her because of her indigency. Basing her claim on *Tate v. Short*, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971) and *Williams v. Illinois*, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970), appellant claims that her right to equal protection has been violated by the fact that she will be imprisoned for failure to pay her fine.

This claim must be dismissed since it is premature. The record before us demonstrates only that appellant has been sentenced to the minimum imprisonment of three days and the minimum fine of five hundred dollars. It further appears that appellant is unable to pay the fine. It nowhere appears, however, what actual disposition will be made because of appellant's refusal to pay.[2] In the absence of a showing how appellant's default will be treated, we will not presume that a constitutional violation will occur.[3]

We now turn to appellant's final argument.

---

**2.** Even were appellant to be imprisoned for the maximum period for her failure to pay her fine, no invidious discrimination on the basis of indigency would necessarily be made out. While *Tate v. Short, supra; Williams v. Illinois, supra*; and *Morris v. Schoonfield*, 399 U.S. 508, 90 S.Ct. 2232, 26 L.Ed.2d 773 (1970) set forth the constitutionally prescribed limits on imprisonment for failure to pay a fine, they do not actually proscribe imprisonment for such failure as long as certain conditions are met. *See also Blackwell v. State*, Me., 311 A.2d 536 (1973) for a discussion of a possible constitu-

tional violation where a defendant is imprisoned *solely* because of his poverty.

**3.** It is certainly arguable that 17–A M.R.S.A. § 1304 is applicable. That statute provides for imprisonment only where the failure to pay is without excuse or where the defendant would escape punishment altogether if he could not pay the fine. Because this statute, if applicable, provides for alternative treatment other than imprisonment, it is impossible to decide here how appellant will be treated for refusing to pay the fine.

Appellant contends that due process is violated by the statutory provisions which provide that fines received from those convicted of nighthunting shall be credited to the Department of Inland Fisheries and Game. This credit is alleged to create an impermissible pecuniary interest in those entrusted with the enforcement of the Fisheries and Game laws.

 It is clear that one in a judicial or quasi-judicial position may not have a pecuniary interest in a conviction. *See Tumey v. Ohio*, 273 U.S. 510, 47 S.Ct. 437, 71 L.Ed. 749 (1927). We find no authority, however, which proscribes such a pecuniary interest on the part of law enforcement officials. Indeed, *Tumey v. Ohio, supra* at 535, 47 S.Ct. 437, itself would appear to allow such an interest to exist. *See Bennett v. Cottingham*, 290 F.Supp. 759, 763 (N.D.Ala. 1969), aff'd per curiam, 393 U.S. 317, 89 S.Ct. 554, 21 L.Ed.2d 513 (1969). Appellant's arguments on this point are unpersuasive.

The entry must be:

Appeal denied.

Judgment affirmed.