State, ex rel. Nelson, v. Smith.

---

STATE, EX REL. THOMAS NELSON, APPELLANT, V. W. D. SMITH, SHERIFF, APPELLEE.

FILED JUNE 8, 1926.   No. 24851.

1. Criminal Law: MISDEMEANORS: CORRECTION OF JUDGMENT DURING TERM. A court having jurisdiction in a misdemeanor case may, in the exercise of its judicial discretion and in furtherance of justice, at the same term, and before the original sentence has gone into operation or action had thereunder, correct its judgment so as to reflect the facts proved and the law applicable thereto.

2. ———: SENTENCE: BREAD AND WATER DIET: CONSTITUTIONALITY. Section 10169, Comp. St. 1922, considered, and held, that the part thereof which provides, "And when the imprisonment is to be without labor, the sentence may require the convict to be fed on bread and water only, the whole or any part of the term of imprisonment," does not violate section 9, art. I of our Constitution; held, further, that the word "convict," as used in such section, means one who has been proved guilty of a criminal offense in a court of competent jurisdiction.

3. Constitutional Law: CRIMINAL LAW: POWER OF LEGISLATURE. Our legislature is clothed with authority to define crimes and misdemeanors, and determine their punishment; where it exercises such discretion within constitutional limits, its action is

not subject to review by the court, and ulterior evidence will not be received to impeach such legislative enactment.

APPEAL from the district court for Burt county: JAMES M. FITZGERALD, JUDGE. *Affirmed.*

*A. R. Oleson,* for appellant.

*O. S. Spillman, Attorney General, Harry Silverman,* and *Herbert Rhoades, contra.*

Heard before MORRISSEY, C. J., ROSE, DEAN, GOOD THOMPSON and EBERLY, JJ., and REDICK, District Judge.

THOMPSON, J.

In this case appellant, hereinafter called relator, was complained against in the county court of Burt county, for that on the 18th day of April, 1925, he unlawfully had and was possessed of intoxicating liquor in such county. To this charge, on April 20, 1925, relator pleaded guilty, and was sentenced to the county jail for 60 days, the first and last 20 days of which was to be upon an exclusive diet of bread and water, and to pay the costs taxed at $38.10. A warrant of commitment was issued to the sheriff, appellee herein, in furtherance of such judgment, and by virtue of such commitment such sheriff took the relator into his custody, and so held him. To obtain his release relator filed in the district court for Burt county a petition, which in apt language detailed the above facts, and challenged such judgment as being without authority of law, inhuman, and oppressive to the extent that the same contravened section 9, art. I of our state Constitution; also, that in addition to the foregoing such judgment included a fine of $100; and that the county court was without jurisdiction to hear and determine such case and enter judgment. To this petition appellee, hereinafter called respondent, answered setting forth the judgment of the court as it was actually entered, also such warrant of commitment, as a justification for such holding of relator, which was followed by a general denial of allegations not admitted. The case was tried to the court,

on which trial the county judge was sworn and examined, a certified transcript of the judgment and commitment respectively were introduced, and also proof that the judgment and commitment were as such judgment was entered and such commitment issued, and that neither thereof had been altered thereafter. The trial court found generally in favor of the respondent, and dismissed the action. To reverse this judgment relator appeals, and presents as challenges thereto the grounds hereinbefore instanced as his reasons for seeking the writ of habeas corpus.

As to the claimed alteration of the judgment: The record discloses that as the judgment was prepared by the clerk of the county court, it provided for a fine of $100, in addition to the 60 days' imprisonment. Through such part an ink line was drawn by the county judge, thus leaving the judgment one of imprisonment only when the record thereof was approved and signed. This erasure did not affect nor render void the judgment so entered. *Quinton v. State,* 112 Neb. 684; *Lee v. State,* 32 Ohio St. 113. The other claimed erasures are each immaterial, hence without effect on the judgment.

The judgment being one of imprisonment, and without a provision imposing a fine, section 3288, Comp. St. 1922, which provides for fine *or* imprisonment, is controlling, and not section 3239 thereof, as amended by chapter 106, Laws 1925, which provides for fine *and* imprisonment. Thus, the trial court was clothed with authority to hear and determine the offense set forth in the complaint, and to enter the judgment rendered, unless that part of such judgment providing for a bread and water diet nullified it.

This brings us to a consideration of section 10169, Comp. St. 1922, which provides:

"When any court or magistrate shall sentence any convict to imprisonment in the jail of the county as a punishment for the offense committed, the judgment and sentence shall require that the convict be imprisoned in the cell of the jail of the county, or that he be kept at hard labor in the jail; and when the imprisonment is to be without labor,

the sentence may require the convict to be fed on bread and water only, the whole or any part of the term of imprisonment."

As to who is a "convict," within the meaning of the above section, relator cites section 273 of the Criminal Code, Rev. St. 1866. Such section 273 appears only in the aforementioned revised statutes. This revision was superseded by the revision of 1873, designated, "General Statutes of Nebraska, 1873," at which time "an act to establish a Criminal Code" was passed and approved by our legislature. In this revision the chapter in which section 273 appeared in the 1866 statutes was largely reenacted, but such section omitted therefrom, and, as we find, was thereby repealed by implication. As a part of this Criminal Code of 1873, section 10169, Comp. St. 1922, now being considered, was first enacted. The word "convict" as used in such section means one who has been proved guilty of a criminal offense in a court of competent jurisdiction, and this was rightly applied to relator at the time the judgment was entered in the county court.

Does such section 10169 contravene section 9, art. I of our Constitution? This section, which is identical with article VIII of the federal Constitution, reads as follows: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted."

In Bishop, Criminal Law (9th ed.) sec. 947, in considering this provision of the federal Constitution, and similar provisions in the different state Constitutions, it is stated:

"The 'cruel and unusual punishment' may be either excessive in degree, or not permissible at all. * * * Though of a permissable kind, it may violate the Constitution by being excessive. While no uniform rule can be laid down as to the amount of punishment permissible, it can be generally stated that if the punishment is within the statutory limits, no matter how harsh and severe it may appear to be, it will be upheld. 'Natural justice requires that the penalty shall bear some proportion to the nature and circumstances of

the offence.    The legislature is clothed with the power of defining crimes and misdemeanors and fixing their punishment; and its discretion in this respect, exercised within constitutional limits, is not subject to review by the courts.' "

For an instructive discussion of the preceding paragraph, see *State v. Hogreiver,* 152 Ind. 652.

As was said by us in *McMahon v. State,* 70 Neb. 722: "A large discretion is vested in the legislature in the fixing of penalties designed to prevent the commission of certain prohibited acts; and a penalty imposed by statute will not be held unconstitutional as excessive, unless it is so excessive, as to shock the sense of mankind."

In *In re O'Shea,* 11 Cal. App. 568, it is held: "The courts can only inquire as to whether or not the legislature has violated the Constitution; but in passing upon that question much is left to the discretion and judgment of the legislature, and it will be presumed that such discretion has been wisely and justly exercised, and the law will not be held unconstitutional, unless it is clearly in violation of the fundamental law."

In *People v. Durston,* 7 N. Y. Supp. 813, it is held: "Where the validity of Laws N. Y. 1888, c. 489, providing that the death penalty shall be inflicted by means of electricity, is assailed on the ground that the constitutional prohibition of 'cruel and unusual punishments' has been violated, evidence *aliunde* the statute will not be received; but it will be conclusively presumed that the legislature has ascertained the facts necessary to determine that death by the mode prescribed was not a cruel punishment."

This holding was approved in the case of *In re Kemmler,* 136 U. S. 436, which was an original application for writ of habeas corpus by Kemmler.    The case is instructive both as to the reasons impelling the adoption of this provision in the Constitution, as well as to what was intended to be inhibited thereby.

Such section 10169, as we have seen, has been in force without change and without interference on the part of the legislature since its enactment.    While it is a part of the

law of many states, we find but scant decisions determining its constitutional validity. In passing upon the constitutionality of a similar act, in *Spencer v. State,* 132 Wis. 509, it was held:

"A statute authorizing punishment of a husband who should wilfully abandon his wife leaving her in a destitute condition, or should unreasonably refuse or neglect to support her, by imprisonment in the state prison or in the county jail, and providing that ten days of the imprisonment in the county jail might be upon a diet of bread and water only, does not provide for a cruel and unusual punishment within the meaning of sec. 6, art. I, Constitution."

When we consider that the county jail is a punitive institution, that the plea of guilty entered by relator in the county court was a confession that he had wilfully breached the laws of the state and defied its Constitution, that the inhibited act which such plea rendered him guilty of in many instances leads to the indiscriminate distribution of that which endangers the health, morals, and ofttimes the lives of our citizens, we cannot say, and do not hold, that the imposition of a bread and water diet, as imposed in this case, was cruel and unusual.

The imposition of a bread and water sentence is seldom inflicted, and justice requires that the penalty imposed in each case should fairly reflect in its application the facts and circumstances disclosed at the trial. While the penalty to be imposed rests largely in the discretion of the trial court, great care should be taken to moderate it so as to administer justice in a way not to shock its sense by the severity of the sentence, thus giving consideration to the word " may" as it appears in the statute, and remembering that "may," as thus used, does not mean "shall." This however, being an application for a writ of habeas corpus, such circumstances are not before us; hence, an opportunity is not afforded us to review the judgment of the county court for errors. Therefore, a reduction of the sentence as to this or any other part of the judgment is not within our powers.

It follows from what has been said that that part of section 10169, Comp. St. 1922, which provides for a bread and water diet, is not repugnant to section 9, art. I of our Constitution, on the ground that it is cruel and unusual.

The judgment of the trial court is

AFFIRMED