STATE OF NEBRASKA, APPELLEE, V. ROGER LEE TUCKER, APPELLANT.
162 N. W. 2d 774

Filed November 22, 1968. No. 36911.

578

Paul E. Galter, for appellant.

Paul E. Galter, for appellant.

Clarence A. H. Meyer, Attorney General, and James J. Duggan, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, and McCOWN, JJ., and KOKJER and ACH, District Judges.

KOKJER, District Judge.

The defendant, Roger Lee Tucker, was charged with unlawfully operating a motor vehicle when his operator's license had been revoked and had not been reinstated, and that this was his second offense under the applicable statute. He entered a plea of nolo contendere, whereupon he was found guilty and sentenced to jail for 6 months, ordered to pay the costs of prosecution, and it was further ordered that he was not to operate a motor vehicle for a period of 2 years after his discharge from jail or the payment of the costs, whichever is later. The sentence is one specifically authorized by statute.

On appeal the only assignment of error is that the district court erred in sentencing the defendant pursuant to a statute which it is claimed was unconstitutional on two grounds and thus void. The first ground asserted is that the statute provides for cruel and unusual punishment. The second is that it violates the provision for distribution of powers between legislative, judicial, and executive departments of government in that the Legislature is claimed to have invaded the judicial department when it provided for a fixed penalty.

It has been held that while a constitutional provision prohibiting "cruel and unusual punishment" was intended to prohibit torture and agonizing punishment, it was never intended to abridge the selection by the

law-making power of such kind of punishment as it deemed most effective in the suppression of crime. Geurin v. City of Little Rock, 203 Ark. 103, 155 S. W. 2d 719.

This court has held that a statute which provided not only for imprisonment but that when the imprisonment is to be without labor, the sentence may require the convict to be fed on bread and water only, the whole or any part of the term of imprisonment, does not violate Article I, section 9, of our Constitution, prohibiting cruel and unusual punishment. State ex rel. Nelson v. Smith, 114 Neb. 653, 209 N. W. 328.

The second ground asserted by the defendant is also found to be untenable. This court said in the case of State ex rel. Nelson v. Smith, *supra:* "The legislature is clothed with the power of defining crimes and misdemeanors and fixing their punishment; and its discretion in this respect, exercised within constitutional limits, is not subject to review by the courts."

Another defect in defendant's position here is that the constitutional question was not properly raised. If a litigant desires to question the constitutionality of a statute he must raise the issue in the trial court and give that court an opportunity to pass on it. State v. Schwade, 177 Neb. 844, 131 N. W. 2d 421.

The judgment is affirmed.

AFFIRMED.