STATE OF NEBRASKA, APPELLEE, V. STANLEY ANTONIO WHITAKER, APPELLANT.

173 N. W. 2d 397

Filed January 9, 1970. No. 37312.

Dennis B. Smouse, for appellant.

Clarence A. H. Meyer, Attorney General, and Harold Mosher, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SPENCER, J.

Defendant had been sentenced by the municipal court of the city of Omaha to 6 months in the county jail and fined $500 for indecent exposure. After a short period in the county jail, defendant, who was 26 years of age and married, was assigned by the Douglas County sheriff's office to the Clearview Rehabilitation Center, a minimum security institution. Defendant walked away from that institution and left the state. He was apprehended at Des Moines, Iowa.

Defendant pled guilty to an information drawn under section 28-736, R. R. S. 1943, charging unlawfully breaking custody and escape. After a presentence investigation, he was sentenced to imprisonment in the Nebraska Penal and Correctional Complex for a period of not less than 2 years nor more than 4 years. The penalty provided by section 28-736, R. R. S. 1943, is confinement in said complex for a period of not less than 1 year nor more than 10 years. Defendant in this appeal is attacking only the propriety of the sentence levied, contending that it is excessive under the circumstances.

This court has often said that where the punishment of an offense created by statute is left to the discretion of the district court, to be exercised within certain prescribed limits, a sentence imposed within such limits will not be disturbed where there is no abuse of such discretion. See Nicholson v. Sigler, 183 Neb. 24, 157 N. W. 2d 872.

Defendant's record, going back to 1963, involves disturbing the peace and disorderly conduct; violation of auto laws; open and gross lewdness; and lewd and lascivious behavior.

Under the circumstances, we cannot say that the trial court abused its discretion in the imposition of the sentence herein. The judgment is affirmed.

AFFIRMED.