STATE OF NEBRASKA, APPELLEE, v. ROBERT GAMRON, APPELLANT.

182 N. W. 2d 425

Filed December 23, 1970. No. 37613.

John Story, for appellant.

Clarence A. H. Meyer, Attorney General, and Harold S. Salter, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

CARTER, J.

Defendant appeals from his conviction and sentence for the crime of burglary. He was charged with burglarizing the Whitehorse Tavern in Grand Island on January 25, 1970. Legal counsel was appointed for him at the expense of the State. He entered a plea of guilty to the charge after being fully advised by his counsel and the court as to the nature of the charge and the result that could follow such a plea. Sentence was delayed to permit a presentence investigation. A few days later defendant appeared for sentence. It was there developed that he had served two previous sentences in the state penitentiary; one for assault, the other for breaking and entering. He had been arrested more than 20 times in Grand Island alone for intoxication. He had twice been committed to a hospital for treatment as an alcoholic without success.

The defendant is 31 years of age, divorced, and could have been prosecuted under the Habitual Criminal Law. The trial court imposed a sentence of 5 to 10 years in the Nebraska Penal and Correctional Complex. The defendant asserts solely that the sentence is excessive.

The general rule is that where a sentence has been imposed by the district court within statutory limits it will not be disturbed in the absence of an abuse of discretion. State v. Whitaker, 185 Neb. 57, 173 N. W. 2d 397. The law places the primary responsibility for imposing sentences after conviction for crime in the judges of the district court within limits fixed by statute. The presumption is that the judgment of the district court is correct and will not be disturbed except where that court's legal discretion has been improperly exercised.

The defendant is an alcoholic. He has been arrested 20 times for various forms of intoxication in Grand Island. He admitted on interrogation in open court that he had been arrested a "few times" in Wilmington and Dover, Delaware, for drunkenness. He admitted he

had been arrested in Colorado and Wyoming, and in Lincoln, York, and Hastings, Nebraska. He has served two penitentiary sentences, one for breaking and entering, the other for abusing his little daughter by burning her with lighted cigarettes. It is clear that defendant was within the scope of the habitual criminal statute although he was not so charged. Defendant stated that he has a drinking problem which has been associated with all his crimes and offenses. But knowing of his propensity to commit violations of the law while drinking, he stated to the trial court that he started drinking about noon of the day the present crime was committed with the intention of drinking the rest of the afternoon. It is fundamental that voluntary intoxication does not justify the commission of crime. It is clear that his intent to drink intoxicating liquors all afternoon is an indication of an intent to become drunk and assuming the known risks of his violating the law when he was in that condition. With a knowledge of these facts, the trial court imposed a sentence of 5 to 10 years for the burglary. We cannot say that the trial court abused its discretion in so doing. The lives and property of the public are entitled to protection against the criminal conduct of those who become voluntarily intoxicated. Where one deliberately pursues a course to voluntarily become intoxicated, as here, particularly where defendant was fully aware of his propensity to violate the law when drunk, there is little that can be said in his behalf in mitigation of the crime or the punishment.

AFFIRMED.