STATE OF NEBRASKA, APPELLEE, v. GARY DEAN BITTNER, APPELLANT.

196 N. W. 2d 186

Filed April 7, 1972. No. 38304.

Beatty, Morgan & Vyhnalek, for appellant.

Clarence A. H. Meyer, Attorney General, and Calvin E. Robinson, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

NEWTON, J.

The defendant was convicted of possession of a forged instrument. He was sentenced to serve not less than 2 nor more than 4 years in the Nebraska Penal and Correctional Complex and to pay a fine of $250 and costs. On appeal defendant presents three assignments of error, namely: Prejudicial restriction of his right to cross-examine the State's principal witness; conviction on the uncorroborated testimony of an accomplice; and the imposition of an excessive sentence. We affirm the judgment of the district court.

The defendant and one Rachael Ann Williams had driven from Omaha, Nebraska, to North Platte, Nebraska, where she cashed one forged instrument and where they were apprehended when she tried to cash another. The witness pled guilty to a similar charge but had not been sentenced at the time of defendant's trial. She was represented, when testifying, by a court-appointed attorney and upon his advice, refused to answer certain questions propounded on cross-examination on the ground that the answers would tend to incriminate her. No possible prejudice appears except in regard to the question of whether the witness was a prostitute. Objection to the question and witness' claim to privilege

was based upon Article I, section 12, Constitution of Nebraska, and upon section 25-1210, R. R. S. 1943. Both provide that a witness cannot be required to incriminate himself and the cited statute further provides that a witness cannot be compelled to answer when to do so would "expose him to public ignominy." Although generally forbidden by city ordinance, to be a prostitute or to engage in prostitution does not constitute a crime under state or federal law. This being true, it is difficult to see how answering the question would tend to incriminate the witness unless she had been guilty of some sexual offense, such as adultery, where, in the event of prosecution, such an admission might be damaging. As usual in such cases, the record fails to throw any light on the situation of the witness in this respect. In Hoffman v. United States, 341 U. S. 479, 71 S. Ct. 814, 95 L. Ed. 1118, it is said: "The witness is not exonerated from answering merely because he declares that in so doing he would incriminate himself--his say-so does not of itself establish the hazard of incrimination. It is for the court to say whether his silence is justified, * * * and to require him to answer if 'it clearly appears to the court that he is mistaken.' " It was further held that the guarantee against compulsory self-incrimination "must be accorded liberal construction in favor of the right it was intended to secure." On the record before us, this court cannot say that the trial court was guilty of an abuse of discretion. It is entirely possible that such an admission could constitute a link in a chain of evidence required to convict her of some other offense.

The courts are divided upon the question of whether or not impeachment on moral grounds is permissible. In State v. Cox (Mo.), 352 S. W. 2d 665, a prosecution for murder, defendant asked a prosecution witness if she was a prostitute and an objection to the question was sustained. The court stated: "The credibility of a witness in a criminal case cannot be impeached by showing that his reputation for morality is bad, but such

an attack must be addressed directly to his reputation for truth and veracity." Of similar import are People v. Vatek, 71 Cal. App. 453, 236 P. 163; People v. Brown, 136 Cal. App. 2d 244, 288 P. 2d 984; State v. Gress, 250 Minn. 337, 84 N. W. 2d 616; State v. Peele, 67 Wash. 2d 893, 410 P. 2d 599. Generally speaking Nebraska follows this rule and it has been promulgated by statute. See § 25-1210, R. R. S. 1943.

In Pricer v. Lincoln Gas & Electric Light Co., 111 Neb. 209, 196 N. W. 150, it was held: " 'When the matter sought to be elicited would tend to render him (the witness) criminally liable, or to expose him to public ignominy, he is not compelled to answer, * * *.' "

In Daggett v. State, 114 Neb. 238, 206 N. W. 735, it was held: "Evidence of general reputation that a female witness is, or has been, not law-abiding, unchaste, or a prostitute, is inadmissible for the purpose of impeaching the witness either upon cross-examination or by way of rebuttal; nor can these facts be shown for the purpose of impeachment by evidence as to specific acts or instances."

In State v. Wilson, 174 Neb. 86, 115 N. W. 2d 794, it was held: "Evidence which does not tend to impeach any witness on a material point and which is not substantive proof of any fact relative to the issue is properly excluded." See, also, Swogger v. State, 116 Neb. 563, 218 N. W. 416.

There is a recognized exception to the Nebraska rule in cases involving sexual offenses where chastity is an issue. See Redmon v. State, 150 Neb. 62, 33 N. W. 2d 349.

Defendant insists that his right to confrontation was denied by the restriction of cross-examination in the area above mentioned. We cannot agree. The restricted questioning dealt only with a collateral matter bearing solely on the credibility of the witness, not upon facts brought out on direct examination, and not on facts pertaining to the guilt or innocence of the de-

fendant. In United States v. Cardillo, 316 F. 2d 606 (2d Cir., 1963), and in Smith v. United States, 331 F. 2d 265 (8th Cir., 1964), cert. den., 379 U. S. 824, it is stated: " '* * * reversal need not result from every limitation of permissible cross-examination and a witness' testimony may, in some cases, be used against a defendant, even though the witness invokes his privilege against self-incrimination during cross-examination. In determining whether the testimony of a witness who invokes the privilege against self-incrimination during cross-examination may be used against the defendant, a distinction must be drawn between cases in which the assertion of the privilege merely precludes inquiry into collateral matters which bear only on the credibility of the witness and those cases in which the assertion of the privilege prevents inquiry into matters about which the witness testified on direct examination. Where the privilege has been invoked as to purely collateral matters, there is little danger of prejudice to the defendant and, therefore, the witness's testimony may be used against him."

From a practical standpoint, it is difficult to see how prejudice could result in the present instance.

Defendant protests that his conviction is dependent upon the uncorroborated evidence of an accomplice who had previously given false or contradictory statements. Examination of the statements previously given discloses a complete lack of any false or contradictory statement. The witness is corroborated in part. The evidence of others discloses that defendant was driving the automobile when a stop was made at a filling station and a forged money order cashed by the accomplice. Also, a stop was then made at a Safeway Store where an attempt was made to cash a second forged money order and on being refused, the accomplice ran to the automobile, spoke to the defendant, and he attempted to hastily drive away. The present rule in this state governing situations of this character may be found in Smith

v. State, 169 Neb. 199, 99 N. W. 2d 8, and Rains v. State, 173 Neb. 586, 114 N. W. 2d 399, cert. den., 371 U. S. 967, 83 S. Ct. 549, 9 L. Ed. 2d 538, wherein it is stated: " 'The fact that an accomplice has been guilty of wilful false swearing on a material matter is a circumstance that may possibly, in a particular instance and situation, make his testimony unworthy of belief on its face, if it lacks corroboration. In the ordinary case, even though the accomplice may have been guilty of a conscious falsehood on a material matter, and even though his testimony is lacking in corroboration, it may not be utterly unworthy of belief on its face, and, in such a situation, the rights of an accused will be adequately protected if the jury are instructed that the testimony of an accomplice should be scrutinized closely for possible motives for falsification, and that where he has wilfully sworn falsely in regard to a material matter they should be hesitant to convict upon his testimony, without corroboration, and that in no case should they convict unless they are satisfied from the evidence, beyond a reasonable doubt, of the guilt of the accused.' " See, also, Jahnke v. State, on rehearing, 68 Neb. 181, 104 N. W. 154. Such instruction was given.

In regard to the contention that the sentence is excessive, the record discloses that although this was defendant's first felony conviction, he had been convicted of a great many misdemeanors and had, on two occasions, spent quite a little time in the county jail. Where a sentence has been imposed within statutory limits, it will not be disturbed in the absence of an abuse of discretion. See State v. Gamron, 186 Neb. 249, 182 N. W. 2d 425.

The judgment of the district court is affirmed.

AFFIRMED.