**STATE of Maine**

v.

**Ronald STEVENS.**

Supreme Judicial Court of Maine.

Aug. 29, 1975.

———◆———

Thomas E. Delahanty II, Dist. Atty., Auburn, for plaintiff.

Gaston M. Dumais, Lewiston, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK and ARCHIBALD, JJ.

PER CURIAM.

The defendant was convicted after jury trial of the offense of breaking, entering and larceny in the nighttime. The State had presented two witnesses and the defense three, including the defendant himself. The trial was not completed until the second day and three exhibits, including a written statement given by the defendant to the police, were submitted for the jury's examination. A study of the record convinces us that the evidence presented a difficult question as to the evaluation of the statement upon which the State's charge must rest.

After the testimony, counsel's arguments and the presiding Justice's charge were completed, the Justice gave an additional instruction at the request of defense counsel and then he told the jurors:

"The hour is late. I know some of you must be hungry, and probably the first order of duty when you retire to your Jury Room would be for you to write down the type of sandwich you want, and the beverage you like, if you think you are going to be any length of time, and we will see that you get a sandwich, hot or cold drink, whatever you want. If you desire a sandwich and something to drink, and you decide you may be some period of time, just write down what you want, and give it to the Jury Officer and we will see that you get it.

"We are working against time. At least the County Attorney and I are working against time. He has to go to Waterville and I have to go to a doctor."

Forty minutes later the jury returned a verdict of guilty.

The attorney for the defendant immediately objected to the Justice's reference to

deadlines against which he and the County Attorney were working.

■ We feel constrained to hold that this comment by the Justice, to which there was timely objection, requires us to set aside the verdict. The introduction into the jurors' deliberations of knowledge that unspecified circumstances required the Justice to get to his physician, permitting conjecture on the consequences of delay, must be expected to have had an unintended chilling effect upon dissent and disagreement, if such was present in the jury room.

■ It is generally held that informing the jurors that there is a time limit upon their deliberations carries such a danger of interfering with full, free, and untrammeled consideration of the evidence as to make the validity of the verdict suspect. *Burroughs v. United States*, 365 F.2d 431 (10th Cir. 1966); *Goff v. United States*, 446 F.2d 623 (10th Cir. 1971); *Wilkins v. Abbey*, 168 Misc. 416, 5 N.Y.S.2d 826 (1938).

Our reference to the volume of the evidence and the length of the jury's deliberations is not meant to suggest that either should control our decision but is included only to underscore the fact that here, particularly, it is not possible to say that the error was harmless.

The entry must be:

Appeal sustained.

DELAHANTY, J., did not sit.