**STATE of Maine**

**v.**

**Robert BOISVERT.**

Supreme Judicial Court of Maine.

Nov. 21, 1975.

William P. Donahue, Dist. Atty., Ronald G. Caron, Asst. Dist. Atty., Alfred, for plaintiff.

Donald P. Allen, Biddeford, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK, ARCHIBALD and DELAHANTY, JJ.

ARCHIBALD, Justice.

Robert Boisvert (appellant) was convicted of violating the provisions of 22 M.R.S.A. § 2210–A, which provides:

> "It shall be unlawful for any person, firm or corporation to sell or offer to sell, any amphetamines or derivatives or compounds thereof. The persons exempt from the provisions of section 2210 shall be exempt under this section."[1]

The indictment was in this language:

"THE GRAND JURY CHARGES:

That Robert Boisvert, of Old Orchard Beach, County of York, and State of Maine, on or about the fifth day of June, 1973, in the Town of Old Orchard Beach, did offer to sell Methampheta-

---

1. Section 2210 contains this sentence: "These provisions shall not apply to the possession, sale, furnishing or giving away, or the offering to sell, furnish or give away such drugs, by *drug jobbers*, drug wholesalers and drug manufacturers and their agents and employees to registered pharmacists and the pharmacies registered under Title 32, section 2901, nor to physicians, dentists, veterinary surgeons or hospitals, nor to each other, nor to the sale at retail in pharmacies by pharmacists to each other acting in good faith." (Emphasis supplied.)

mine, a derivative of amphetamine, to Steven Boeri, said methamphetamine not having been prescribed upon the written order of prescription of a physician, surgeon, dentist, or veterinary surgeon and said Robert Boisvert not being a drug jobber [,] drug wholesaler, drug manufacturer or their agent or employee, a pharmacist, pharmacy, physician, dentist, veterinary surgeon, hospital or a law enforcement officer."

Following a jury trial, counsel was allowed to withdraw and other counsel was appointed to prosecute this appeal.

In this appeal several points are urged which were not called to the attention of the trial Court. Since these points challenge the jurisdiction of the Court because they suggest the unconstitutionality of the statute involved and the invalidity of the indictment, it is proper to give them appellate consideration, although advanced for the first time on appeal. *State v. Boyajian*, 344 A.2d 410 (Me.1975).

Initially, appellant argues that the sentencing provision for a violation of Section 2210–A, namely, "[t]he imposition or execution of sentences for conviction of violation of section 2210–A shall not be suspended and probation shall not be granted,"[2] is an unconstitutional invasion by the legislature into the judicial branch of government. This point has been recently decided adversely to appellant's position, and we see no occasion to depart from our holding. *State v. King,* 330 A.2d 124 (Me.1974).

Appellant next contends that Section 2210–A is

"void for vagueness and indefiniteness in that the phrase 'drug jobber' is no where

[sic] defined with the accuracy and preciseness required of criminal statutes."

We see no constitutional defect in this statute. Although "drug jobber" is not expressly defined, people of common intelligence reading the statute as a whole would have no problem in ascertaining that a drug jobber is one who is involved with the legitimate distribution of drugs to authorized outlets such as registered pharmacies and pharmacists, doctors, hospitals, etc. Clearly, common sense indicates that the legislature intended those *lawfully* engaged in manufacturing, selling and distributing drugs to be exempt from penal consequence. *See State v. Davenport,* 326 A.2d 1 (Me.1974). Obviously excluded from the statutory scheme is any illegal handling or distribution of prescription drugs. Thus, an ascertainable standard exists which adequately defines the function of a *drug jobber* and preserves the constitutionality of the statute. *Coates v. City of Cincinnati,* 402 U.S. 611, 91 S.Ct. 1686, 29 L.Ed.2d 214 (1971); *see State v. Aucoin,* 278 A.2d 395 (Me.1971).

Having held that the expression "drug jobber" in the context of the statute is not unconstitutionally vague, it necessarily follows that an indictment which uses the statutory language is likewise free from defect.

This point is without merit.[3]

Appellant, again without having raised the issue in the trial court, argues that the sentence imposed, namely, "not less than two nor more than five years" in the Maine State Prison, was illegal since no

---

2. 22 M.R.S.A. § 2215.

3. The negative allegation in this indictment may be considered surplusage and was subject to being stricken on appropriate motion by the defendant pursuant to Rule 7(d), M.R. Crim.P. Section 2210–A creates a general offense rather than one which may be committed only by a limited class of people. In

such case it is unnecessary to negate an exception. *State v. Rowe,* 238 A.2d 217 (Me. 1968), citing with approval *Williams v. United States,* 78 U.S.App.D.C. 147, 138 F.2d 81 (1943); *see also Toussaint v. State,* 262 A.2d 123 (Me.1970); *State v. Alley,* 263 A. 2d 66 (Me.1970); see Glassman, Maine Practice, Rules of Criminal Procedure, Commentary 7.9 at 79–81.

fine was imposed in addition to the prison sentence. Section 2215 provides:

"Whoever violates any provision of section 2210–A shall be punished by imprisonment for not less than one nor more than 5 years and by a fine of not more than $1,000 for the first offense . . . ."

■■ Citation of authority is unnecessary for the general rule that the invalidity of a sentence which is within constitutionally permissible limits is not reviewable on direct appeal, post-conviction habeas corpus being the exclusive remedy. Such is the case here.

. ■ We now turn to the contention that the verdict was not supported by the evidence. In this connection we note that the appellant made no motion for judgment of acquittal at the conclusion of the State's evidence, made no such motion at the conclusion of the defense testimony, nor was any motion for judgment n. o. v. made. Neither did the appellant see fit to file a motion for a new trial. There was a complete failure to comply with the provisions of either Rule 29 or 33, Maine Rules of Criminal Procedure. Thus, the sufficiency of the evidence to support the verdict has not been preserved for appellate review.[4] *State v. King,* 330 A.2d 124 (Me.1974).

We next give consideration to those areas appropriately preserved for appellate review because timely objection was made pursuant to Rule 51, M.R.Crim.P. Viewed in isolation, we find no reversible error.[5] However, we have also reviewed these claims in their totality since it was argued that the Justice presiding failed in his rul-

ings to maintain that position of judicial impartiality requisite for a constitutionally fair trial.

We summarize these points.

■ 1. During the cross-examination of one of the special agents of the Drug Enforcement Administration who had negotiated with the appellant for the sale of narcotics, the agent agreed he had not identified himself to appellant as a federal agent. He was then asked this question: "So, you lied to him, didn't you?" Defense counsel was admonished not to say "that word in that particular context." The jury was then excused and a colloquy ensued in which defense counsel was told that he might ask the witness whether he had misrepresented his position but he was not allowed to ask him whether he had "lied" since this was a question for the jury. A motion for a mistrial was denied.

■ 2. A police officer testified that certain drugs which had been delivered to him by a federal agent had been in turn delivered by him to the State chemist on June 7. The State chemist testified that he received these drugs on June 11. On objection being made to the admissibility of the drugs due to the discrepancy in the date, the Justice stated:

"Obviously one is mistaken on the dates. Would . . . you check with the witness?"

In the absence of the jury, and because of this comment, defense counsel moved unsuccessfully for a mistrial. The officer subsequently corrected his testimony in the presence of the jury by saying that he actually delivered the drugs to the chemist on June 11, acknowledging that his initial testimony had been mistakenly given.

---

4. Appellant relied on entrapment as a defense and testified to facts which, if believed, would support this defense. The State's witnesses testified to contrary facts. A typical jury question was posed on which, and without objection, the jury was appropriately instructed. On the record before us, if the issue

had been properly preserved for appellate review, we could not say as a matter of law that the jury verdict was erroneous.

5. "Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded." Rule 52(a), M.R.Crim.P.

3. In his charge to the jury and at the request of the State, the Justice instructed the jury that both the State and the appellant had an equal right to subpoena witnesses. The appellant had testified that he obtained the methamphetamines from a friend and offered to sell the same to the federal agents purely as a favor for a young lady who had told him that unless she obtained these drugs her life would be in danger. This same young lady was present during the delivery of the drugs to the federal agents. In response to a motion for discovery, the State had not listed the young lady in question as a prospective witness and she was not present during the trial. Appellant's counsel insisted it was unfair to give the instruction because the State did not have the witness in the courtroom nor had he been furnished her address so that he could subpoena her. Counsel for the State said, "I agree to make [the witness] available for a subpoena by [defense Counsel] today if he wanted to use her as a witness."

Additionally, we have reviewed the record carefully and have failed to discover any extended or unwarranted examination of either the State's witnesses or the appellant by the Court. Whenever necessary the jury was excused during colloquies with counsel. There were numerous evidentiary rulings which were favorable to the defendant. In his instructions to the jury the Justice carefully explained his role in the trial procedure and cautioned the jury to draw no inferences from any rulings he made or questions he felt it necessary to ask. The defendant in his own testimony had candidly admitted delivering the methamphetamines in question to the federal agents and attempted to justify doing so under the claim that he had been told by the young lady that her life was in danger if she could not supply narcotics.

Viewed in totality, we see no reasonable likelihood that the cumulative effect of the questions and rulings would suggest to the jury that the Justice had impermissibly aligned himself on the side of the prosecution. *State v. Hunnewell,* 334 A.2d 510 (Me.1975); *State v. Haycock,* 296 A.2d 489 (Me.1972). For contrasting factual backgrounds resulting in a contrary holding, see *State v. Stevens,* 343 A.2d 592 (Me.1975); *State v. Chaplin,* 308 A.2d 873 (Me.1973).

The entry is:

Appeal denied.

All Justices concurring.