REQUESTED BY: Dear Senator Sieck:
You have requested the opinion of this office regarding the constitutionality of LB 642, including the amendments recommended by its proponents, dated February 5, 1980.
Section 1 of LB 642 would require the sentencing court to order a defendant to pay restitution to the injured person as a part of the sentence imposed upon conviction of an offense involving property or personal injury. Further, said section would authorize an evidentiary hearing to determine the amount of restitution if disputed.
Pursuant to the proposed amendments, section 2 of the bill, which enumerates certain methods of enforcement of the restitution order, would be stricken.
The remaining methods of enforcement are set forth in section 3 of LB 642 (section 2 as renumbered by the proposed amendments) which would amend section 29-2206, R.S.Supp. 1979. Said statute as amended, would provide in essence that when a court has the power to order an offender `. . . to pay a fine, cost, or restitution . . . or any combination thereof, . . .' the court may provide as part of the sentence that the offender be imprisoned in county jail until `. . . such fine, cost, or both are paid . . .,' secured or the offender is otherwise discharged by law. It thus appears that pursuant to the proposed amendments, the restitution order, unlike a fine and/or costs, would not be enforceable by imprisonment under this section. However, pursuant to the general contempt provisions of section25-2121, R.R.S. 1943, a court has the power to punish by fine and/or imprisonment persons guilty of willfully resisting or disobeying an order of said court, which would appear to include an order of restitution imposed as part of a sentence.
Subparagraph 2 of section 3 (renumbered as section 2) of LB 642 would require a court to establish an installment plan for payment of the restitution order which is suitable to the offender upon a showing that the offender is unable to make such restitution in one lump sum payment. Pursuant to section 29-2206.01, R.R.S. 1943, failure to comply with the terms of an order establishing installment payments is punishable as contempt, unless leave of court regarding noncompliance is granted.
Section 4 of LB 642 (renumbered as section 3) provides that nothing in this act shall affect whatever rights an injured person may be able to assert under any other law including the provisions of the Nebraska Crime Victim's Reparations Act.
Our research has revealed no cases considering the constitutionality of a statute authorizing an order of restitution as part of an active sentence. An order of restitution may be considered as an additional sanction imposed upon conviction of a criminal offense. In this regard, an analysis of the constitutionality of such an order must focus on the broad power of the Legislature to define crimes and fix the punishment therefore. In a prior opinion of this office, we explained:
 "In Nebraska all crimes and penalties therefor are strictly statutory creations. The constitution of this state confers plenary legislative power upon the Unicameral; and if an act is within the legitimate exercise of that power, it is valid unless some express restriction or limitation can be found in the constitution itself. State ex rel. Quinn v. Marsh, 141 Neb. 436, 3 N.W.2d 892. By virtue of these principles, the Legislature may statutorily define crimes and legislate with respect to matters pertaining thereto, except as may be forbidden by the constitution. Where the Legislature exercises its discretion to define crimes and determine their punishment within constitutional limits, its action is not subject to review by the courts. . . State v. Smith, 114 Neb. 653, 209 N.W. 328. . . ." Attorney General's Opinion 1973-74, p. 162.
Despite the broad authority of the Legislature to fix the punishment for the commission of criminal acts, we are nevertheless troubled by the argument that an order of restitution to an injured victim is essentially civil in nature.See, Klein, Revitalizing Restitution, 20 Crim. Law Quarterly 383 (1977-78). Since such a restitution order supplants, at least in part, a civil suit brought by a victim, it has been suggested that constitutional guarantees relating to civil proceedings, such as the right to trial by jury and prohibition against imprisonment for debt, must be provided in establishing and enforcing such restitution.
Based on the dearth of judicial authority regarding the validity of an order of restitution as part of an active criminal sentence, as well as the broad power of the Legislature to establish the punishment for criminal offenses, we are not convinced that LB 642, including recommended amendments, is constitutionally infirm on its face. However, in so advising, we are aware that substantial questions exist relating to the civil nature of the concept of restitution.