STATE OF NEBRASKA, APPELLEE, V. JAMES D. STRATTON, APPELLANT.

374 N.W.2d 31

Filed September 20, 1985. No. 85-088.

Paul D. Merritt, Jr., of McGinley, Lane, Mueller, O'Donnell & Merritt, P.C., for appellant.

Robert M. Spire, Attorney General, and Terry R. Schaaf, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, and GRANT, JJ., and BLUE, D.J.

CAPORALE, J.

Defendant, James D. Stratton, appeals from the consecutive sentences imposed following his pleas of guilty to the charge of manslaughter and to the charge of using firearms to commit a felony. He assigns as errors (1) the failure to find the statutory requirement that any sentence imposed for the use of firearms to commit any felony be consecutive to any other sentence constitutes an unconstitutional invasion of the judicial branch of government by the legislative branch; (2) the failure to impose concurrent sentences; and (3) as cruel and unusual, and thus unconstitutional, the requirement of one of the sentences that he serve 2 days of each year of incarceration in solitary confinement. We affirm.

Stratton and the victim, Steven A. Staadts, entertained themselves by spending the afternoon and early evening of

August 25, 1984, drinking at an Ogallala bar. They then left together to go to a birthday party at a trailer house in the same city, and on the way bought 2 gallons of wine and 2 cases of beer.

Nothing eventful happened at the party until Stratton wanted to leave. At that time he approached Staadts, who was talking to a woman outside the trailer. Staadts replied he was not ready to go and told Stratton to leave him alone, as he was talking to his "old lady." Since Staadts had previously introduced another woman as his girl friend, Stratton did not take the reply seriously and again asked Staadts if he was ready to go. This irritated Staadts and prompted the response, in strong language, that Staadts was going to do harm to Stratton. Staadts then, according to Stratton, got out of his chair and hit Stratton in the left eye. Stratton then "popped the knife and come back to port with it and he [Staadts] was on it." Upon further questioning Stratton admitted that he brought the knife forward and it went into Staadts' body.

Although several people were at the party, only one person admitted to actually witnessing the stabbing. This witness had not heard Stratton and Staadts arguing but saw Stratton stand up and take a knife out of his belt sheath. According to the witness, Staadts then stood up with his arms raised and his palms facing front, took a step forward, and lowered his arms. Stratton then "swung the knife" into the left side of Staadts' chest. Stratton removed the knife and Staadts backed up, brought his arms up to his chest, and yelled, "What did you do that for?" Stratton walked quickly to the street and then began running.

The stabbing occurred shortly after midnight, and Staadts died within a few hours. Stratton was arrested a few hours after the incident at the motel where he and his wife were living.

After the trial court accepted the two guilty pleas but before the sentencing hearing, Stratton filed a notice of intent to challenge the constitutionality of the requirement of Neb. Rev. Stat. § 28-1205(3) (Reissue 1979) that any sentence on the use of firearms charge be consecutive to any other sentence. The statute reads, in relevant part, as follows:

(1) Any person who uses a . . . knife . . . to commit any felony which may be prosecuted in a court of this state . . .

commits the offense of using firearms to commit a felony.

(2)   Use of firearms to commit a felony is a Class III felony.

(3)   The crime defined in this section shall be treated as a separate and distinct offense from the felony being committed, and sentences imposed under the provisions of this section shall be consecutive to any other sentence imposed.

The trial court construed "the mandatory language of the statute as not obligatory . . . but as a strong recommendation by the legislature upon the judiciary."

Stratton was then sentenced to imprisonment for not less than 5½ nor more than 16½ years on the use of firearms charge and to a like sentence on the manslaughter charge. The latter sentence requires that during each year of incarceration, Stratton's birthday, August 23, and the anniversary of Staadts' death, August 26, be spent in solitary confinement. The two sentences were ordered to run consecutively.

We agree with Stratton's contention that the direction of § 28-1205(3), that "sentences imposed under the provisions of this section *shall* be consecutive" (emphasis supplied), mandates, if not unconstitutional, that a sentencing court require a sentence for the use of firearms in the commission of a felony be served consecutively to any other sentence imposed.

As a general rule, in the construction of statutes the word "shall" is considered mandatory, and inconsistent with the idea of discretion. *Moyer v. Douglas & Lomason Co.*, 212 Neb. 680, 325 N.W.2d 648 (1982); *State ex rel. Smith v. Nebraska Liquor Control Commission*, 152 Neb. 676, 42 N.W.2d 297 (1950). We have held that a statute is not open to construction as a matter of course and that in the absence of anything to indicate the contrary, words must be given their ordinary meaning. Moreover, it is not within our province to read a meaning into a statute that is not there, nor to read anything direct and plain out of a statute. *Sorensen v. Meyer, ante* p. 457, 370 N.W.2d 173 (1985); *Weiner v. State ex rel. Real Estate Comm.*, 214 Neb. 404, 333 N.W.2d 915 (1983). Clearly, the use of the word "shall" in § 28-1205(3) mandates consecutive sentencing. The question is whether, as Stratton argues, such a mandate is

unconstitutional.

The question thus becomes whether, as claimed by Stratton under his first assignment of error, § 28-1205(3) constitutes an unconstitutional intrusion of the legislative branch into a judicial function.

Stratton's argument brings into play three separate provisions of the Nebraska Constitution:

Article II, § 1, which states: "The powers of the government of this state are divided into three distinct departments, the legislative, executive and judicial, and no person or collection of persons being one of these departments, shall exercise any power properly belonging to either of the others, except as hereinafter expressly directed or permitted."

Article III, § 1, which reads in pertinent part: "[T]he legislative authority of the state shall be vested in a Legislature consisting of one chamber."

Article V, § 9, which provides: "The district courts shall have both chancery and common law jurisdiction, and such other jurisdiction as the Legislature may provide; and the judges thereof may admit persons charged with felony to a plea of guilty *and pass such sentence as may be prescribed by law.*" (Emphasis supplied.)

As acknowledged in *Lux v. Mental Health Board of Polk County*, 202 Neb. 106, 274 N.W.2d 141 (1979), the line between that which constitutes a legislative function and that which constitutes a judicial one has not been drawn with precision. The determination must be made on a case-by-case basis.

Although no case directly in point has been cited to us nor found by our independent research, this court has recognized the power of the Legislature to fix criminal penalties.

For example, *State v. Brand*, 219 Neb. 402, 363 N.W.2d 516 (1985), involved a 35-year sentence without parole for one twice convicted of sexual assault in the first degree. In holding the sentence not to be cruel and unusual, we observed that the Legislature is not required to select the least severe penalty possible, so long as the penalty selected is neither cruelly inhumane nor disproportionate to the crime involved. *State v. Gamron*, 186 Neb. 249, 250, 182 N.W.2d 425, 426 (1970), notes, in ruling a sentence not excessive, that the "law places the

primary responsibility for imposing sentences after conviction for crime in the judges of the district court *within limits fixed by statute*." (Emphasis supplied.) Again, *State v. Tucker*, 183 Neb. 577, 579, 162 N.W.2d 774, 776 (1968), in holding a sentence not to constitute cruel and unusual punishment, observes, quoting *State, ex rel. Nelson, v. Smith*, 114 Neb. 653, 209 N.W. 328 (1926): " 'The legislature is clothed with the power of defining crimes and misdemeanors and fixing their punishment; and its discretion in this respect, exercised within constitutional limits, is not subject to review by the courts.' " Further, in *State v. Tatreau*, 176 Neb. 381, 126 N.W.2d 157 (1964), the defendant assigned as error the imposition of a life sentence. This court noted that the penalty imposed was the only one provided by statute, and, thus, the trial court had no discretion in the matter. It observed that it is "the duty of a court to administer the law as it exists." *Id.* at 392, 126 N.W.2d at 163.

Cases from other jurisdictions are also instructive. *State v. Earls*, 69 Or. App. 75, 683 P.2d 1387 (1984), concludes that the separation of powers doctrine does not prevent legislative establishment of a mandatory minimum sentence for conviction of using a firearm in the commission of a felony; *State v. Faunt*, 139 Ariz. 111, 677 P.2d 274 (1984), rules that a statute mandating life imprisonment for one convicted of any felony offense involving use of a deadly weapon if committed while released from confinement does not unconstitutionally restrict judicial power; *State v. Olson*, 325 N.W.2d 13 (Minn. 1982), expressly notes that the power to define criminal conduct and fix its punishment is vested in the legislative branch, whereas the imposition of a sentence within these legislative limits is purely a judicial function; *State v. Mabry*, 96 N.M. 317, 630 P.2d 269 (1981), finds a statute requiring life imprisonment for anyone convicted of a first degree felony to not violate the separation of powers doctrine; *State v. Dickenson*, 229 Kan. 152, 621 P.2d 1002 (1981), holds a statutorily mandated minimum sentence where a firearm is used in the commission of a crime against a person not such a restriction on judicial power as to constitute an impermissible legislative usurpation of the court's discretion; *Wayne Pros v Recorder's Ct Judge*, 92 Mich. App. 433, 285 N.W.2d 318

(1979), finds a felony firearm statute's mandatory sentence provision not to violate the separation of powers clause; *State v. Sittig*, 75 Wis. 2d 497, 249 N.W.2d 770 (1977), states that the legislature was empowered to specify a mandatory minimum term of imprisonment for driving after revocation of a driver's license and that a court's refusal to impose such a sentence would constitute an abuse of discretion and a usurpation of "the legislative field"; *People v Hall*, 396 Mich. 650, 242 N.W.2d 377 (1976), holds the mandatory life sentence requirement of a felony murder statute not to violate due process, equal protection, the guarantee against cruel or unusual punishment, or the separation of powers doctrine; *State v. Dean*, 115 N.H. 520, 345 A.2d 408 (1975), holds that the legislature can constitutionally require the imposition of a mandatory sentence for a habitual offender driving under suspension, and, therefore, statutory language expressing a clear legislative intent that a particular sentence be imposed curtails the judiciary's ability to suspend such a sentence; and *State v. Boisvert*, 348 A.2d 7 (Me. 1975), finds a statutory requirement prohibiting the suspension of a sentence imposed for the unlawful sale of amphetamines and denying probation not to unconstitutionally invade the functions of the judicial branch.

We conclude that § 28-1205(3) does not offend the distribution of powers mandated by the Nebraska Constitution.

That determination necessarily disposes of Stratton's second assignment of error, which mistakenly claims that the trial court erred in imposing consecutive sentences, leaving only the third assignment for our consideration.

Under that assignment Stratton argues that the circumstances of this case render the trial court's requirement that he be placed in solitary confinement on his birthday and on the anniversary of Staadts' death impermissibly cruel and unusual.

Neb. Rev. Stat. § 29-2204 (Reissue 1979) expressly gives the trial court the power to declare whether a convict shall be kept in solitary confinement and, if so, for what period of time. No challenge is made to the constitutionality of the statute itself;

thus, we need only decide whether the application of the statute to this case results in the imposition of an unconstitutionally cruel and unusual punishment.

*State v. Brand,* 219 Neb. 402, 363 N.W.2d 516 (1985), and *Solem v. Helm,* 463 U.S. 277, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983), have set forth the factors to be considered in making that determination under both the Nebraska and the U.S. Constitutions: (1) the gravity of the offense and the harshness of the penalty; (2) the sentences imposed on other criminals in the same jurisdiction; and (3) the sentences imposed for commission of the same crime in other jurisdictions.

*State v. Leadinghorse,* 192 Neb. 485, 487, 222 N.W.2d 573, 576 (1974), notes that "[r]egardless of its severity, a sentence of imprisonment which is within the limits of a valid statute ordinarily is not a cruel and unusual punishment in the constitutional sense." And as stated in *State v. Tucker,* 183 Neb. 577, 578-79, 162 N.W.2d 774, 775 (1968): "It has been held that while a constitutional provision prohibiting 'cruel and unusual punishment' was intended to prohibit torture and agonizing punishment, it was never intended to abridge the selection by the law-making power of such kind of punishment as it deemed most effective in the suppression of crime."

Stratton has not cited, nor has our independent research disclosed, any case from this or any other jurisdiction which even remotely suggests that requiring a killer to spend 2 days a year in solitary confinement as part of the punishment for having taken a human life is unconstitutionally cruel and unusual. It seems to us impossible to so hold.

Each of Stratton's assignments of error being without merit, the judgment of the trial court is affirmed.

AFFIRMED.

SHANAHAN, J., not participating.