STATE OF NEBRASKA, APPELLEE, V. JOHN MARTIN, APPELLANT.

529 N.W.2d 545

Filed March 14, 1995.   No. A-94-504.

John R. Brogan, of Brogan & Brogan, for appellant.

Don Stenberg, Attorney General, and David T. Bydalek for appellee.

IRWIN and MILLER-LERMAN, Judges, and MORAN, District Judge, Retired.

IRWIN, Judge.

In the county court for York County, defendant John Martin was found guilty of 15 counts of failing or refusing to control noxious weeds, Neb. Rev. Stat. § 2-955(3)(a) (Reissue 1991), and was sentenced to 6 months' probation. The State appealed to the York County District Court, contending that probation was not an allowable sentence. The district court vacated defendant's sentence and remanded the case to the county court for resentencing. Because probation is not an available sanction for violations of § 2-955(3)(a), we affirm the district court's order.

## SUMMARY OF FACTS

On August 27, 1992, defendant was charged with 15 counts of violating § 2-955(3)(a). The complaint alleged that defendant refused or failed to control noxious weeds on his land after the weed control authority had given defendant notice and the statutorily mandated 15 days to control the weeds. No error is assigned with regard to the charging document, and we find no plain error with regard to that pleading. See State v. Bell, 242 Neb. 138, 493 N.W.2d 339 (1992) (a plain error is one that is unasserted at trial but is plainly evident from the record; prejudicially affects a litigant's substantial right; and if left uncorrected, would cause a miscarriage of justice or damage the integrity, reputation, and fairness of the judicial process).

Trial was held in the county court for York County on April 1, 1993. In its order, the county court found that on April 28, 1992, the York County noxious weed superintendent, Randy Campbell, inspected property in York County owned by defendant and Lucille Martin. Campbell identified an estimated 200 musk thistle plants in an open pasture on the property. Campbell thereafter sent an official notice to defendant via certified mail which described where the thistles were located and recommended a method for controlling the weeds. Defendant received the notice on April 29. Upon receipt of the notice, the Martins decided to control the thistles by digging them up by hand. The Martins testified that they dug the thistles within the 15-day period prescribed by the notice.

On July 8, Campbell revisited the property to determine whether defendant had complied with the notice. Campbell observed and photographed a patch of approximately 100 musk thistle plants growing in the same location. He also observed that "seeds were being blown out spreading the infestation" and determined that these thistles were a "continuation" of the weeds that he had observed in April.

In its order, the county court stated that there was no evidence to indicate why defendant did not see the plants, as they were in an open area of pasture and were at a size that rendered them easily observed. The court proceeded to find defendant guilty of failing to control his noxious weeds from

May 15 to 29, 1992, and thereafter sentenced defendant to 6 months' probation.

The State appealed to the York County District Court, claiming that the trial court had erred in sentencing defendant to probation. The State argued that the trial court had no authority to impose probation on defendant because § 2-955(3)(a) provides a mandatory $100 fine per day for each day of violation up to a total of $1,500 for 15 days of noncompliance and because probation is not an available penalty for a conviction of an infraction.

In an order dated April 22, 1994, the district court vacated defendant's sentence and remanded the case to the county court for resentencing. The district court reasoned that the law does not provide a sentence of probation for an infraction conviction and that the county court therefore "lacked subject matter jurisdiction to sentence the defendant to probation." Defendant has appealed from the district court's order.

## ASSIGNMENTS OF ERROR

Defendant has assigned three errors on this appeal, which we have consolidated into two assigned errors for purposes of analysis. Defendant claims that the district court erred in (1) finding that the county court lacked subject matter jurisdiction to sentence defendant to probation and (2) finding that the law does not allow a sentence of probation to be given for violation of an infraction.

## STANDARD OF REVIEW

The issues on this appeal involve questions of law. On questions of law, an appellate court has an obligation to reach a conclusion independent of that of the trial court in a judgment under review. *National Acct. Sys. of Lincoln v. Vergith*, 246 Neb. 604, 521 N.W.2d 910 (1994); *Upah v. Ancona Bros. Co.*, 246 Neb. 585, 521 N.W.2d 895 (1994).

## DISCUSSION

Section 2-955(3)(a) provides that a person charged with a noxious weed violation "shall, upon conviction, be guilty of an infraction pursuant to sections 29-431 to 29-438, except that the penalty *shall* be a fine of one hundred dollars per day for each

day of violation up to a total of one thousand five hundred dollars for fifteen days of noncompliance." (Emphasis supplied.)

As a general rule of statutory construction, the word "shall" is considered mandatory. *Sherard v. State*, 244 Neb. 743, 509 N.W.2d 194 (1993); *State v. Stratton*, 220 Neb. 854, 374 N.W.2d 31 (1985); *NC+ Hybrids v. Growers Seed Assn.*, 219 Neb. 296, 363 N.W.2d 362 (1985). But see *State ex rel. Grape v. Zach*, 247 Neb. 29, 524 N.W.2d 788 (1994). "In the absence of anything indicating to the contrary, statutory language is to be given its plain and ordinary meaning, and when the words of a statute are plain, direct, and unambiguous, no interpretation is necessary or will be indulged to ascertain their meaning." *State v. Flye*, 245 Neb. 495, 506, 513 N.W.2d 526, 533 (1994). Accord *Stratton, supra.* Moreover, it is not within the province of the courts to read a meaning into a statute that is not there or to read anything direct and plain out of a statute. *Id.*; *Sorensen v. Meyer*, 220 Neb. 457, 370 N.W.2d 173 (1985).

In *Flye*, the defendant had claimed on appeal that the trial court erred in failing to sentence him to probation on a habitual criminal charge. The court in *Flye* rejected the defendant's claim, stating, "Because a conviction of habitual criminal dictates mandatory imprisonment, the court did not have discretion to impose a sentence of probation." *Id.* at 507, 513 N.W.2d at 533. As was the case in *Flye*, the conviction for a noxious weed violation under § 2-955(3)(a) dictates a mandatory punishment, that being a fine of $100 per day up to a maximum of $1,500. Because the fine was mandatory, the county court had no discretion to impose a sentence of probation.

We hold that because the statutory penalty imposed for a noxious weed violation is a mandatory fine, probation is not available. The district court thus correctly vacated defendant's sentence and remanded the case for resentencing. However, in its order, the district court stated that the county court "lacked subject matter jurisdiction to sentence the defendant to probation." Contrary to this statement, there is no question that the county court had subject matter jurisdiction in this

case. See Neb. Rev. Stat. § 24-517(5) (Cum. Supp. 1994).

■ Where the record adequately demonstrates that the decision of a lower appellate court is correct, although such correctness is based on a ground or reason different from that assigned by the lower appellate court, a higher appellate court will affirm. See, *State v. Anderson*, 245 Neb. 237, 512 N.W.2d 367 (1994); *State v. Tlamka*, 244 Neb. 670, 508 N.W.2d 846 (1993).

### CONCLUSION

Because § 2-955(3)(a) imposes a mandatory fine, the county court erred in sentencing defendant to probation. The district court was therefore correct in vacating defendant's sentence and remanding the case to the county court for resentencing.

Affirmed.